APPEAL,CLOSED,JURY,TYPE−H

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:09−cv−02459−JEB

ADAMS v. DEPARTMENT OF MENTAL HEALTH OF THE
DISTRICT OF COLUMBIA et al
Assigned to: Judge James E. Boasberg
Demand: $2,000,000
Case in other court:  Superior Court for the District of
                     Columbia, 09ca8338
                     USCA, 11−07069
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/31/2009
Date Terminated: 06/30/2014
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**ALBERT J. ADAMS**                     represented by    **James Lawrence Fuchs**
                                                          SNIDER AND ASSOCIATES, LLC
                                                          600 Reisterstown Road
                                                          Seventh Floor
                                                          Baltimore, MD 21208
                                                          (410) 653−9060
                                                          Fax: (410) 653−9061
                                                          Email: jfuchs@sniderlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Allan E. Feldman**
                                                          2315 Rogene Drive
                                                          Baltimore, MD 21209
                                                          (443) 213−8130
                                                          Fax: (410) 653−9061
                                                          Email: afeldesq@hotmail.com
                                                          *TERMINATED: 04/04/2013*

V.

**Defendant**

**DEPARTMENT OF MENTAL**                represented by    **Linda Ann Seabrook**
**HEALTH OF THE DISTRICT OF**                            OFFICE OF ATTORNEY GENERAL
**COLUMBIA**                                             441 Fourth Street, NW
*TERMINATED: 02/01/2010*                                 Suite 6 South 58
                                                         Washington, DC 20001
                                                         (202) 724−6648
                                                         Email: linda.seabrook@dc.gov
                                                         *TERMINATED: 03/17/2010*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ali Naini**

1

OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
Public Interest Division
441 4th Street, NW
One Judiciary Square− 6th Floor South
Washington, DC 20001
(202) 727−9264
Fax: (202) 730−1441
Email: ali.naini@dc.gov
*ATTORNEY TO BE NOTICED*

**Peter J. Leininger**
FULBRIGHT &JAWORSKI, L.L.P.
801 Pennsylvania Ave. NW
Washington, DC 20004
(202) 662−0200
Fax: (202) 662−4643
Email: pleininger@fulbright.com
*ATTORNEY TO BE NOTICED*

**William B. Jaffe**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
441 Fourth Street, NW
Washington, DC 20001
(202) 724−6602
Fax: (202) 741−8894
Email: william.jaffe@dc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADRIAN M. FENTY**
*TERMINATED: 02/01/2010*

represented by **Linda Ann Seabrook**
(See above for address)
*TERMINATED: 03/17/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ali Naini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter J. Leininger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William B. Jaffe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ATTORNEY GENERAL FOR THE
DISTRICT OF COLUMBIA**
*TERMINATED: 02/01/2010*

represented by **Peter J. Leininger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ali Naini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Linda Ann Seabrook**
(See above for address)
*TERMINATED: 03/17/2010*
*ATTORNEY TO BE NOTICED*

**William B. Jaffe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DISTRICT OF COLUMBIA**

represented by **Linda Ann Seabrook**
(See above for address)
*TERMINATED: 03/17/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martha J. Mullen**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
Public Interest Division
441 4th Street, NW
One Judiciary Square− 6th Floor South
Washington, DC 20001
(202) 724−6612
Fax: (202) 730−0635
Email: martha.mullen@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ali Naini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reid Whitten**
OFFICE OF ATTORNEY GENERAL
441 Fourth Street, NW
Washington, DC 20001
(202) 662−4531
Email: rwhitten@fulbright.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/31/2009 | 1 | | NOTICE OF REMOVAL by DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, ADRIAN M. FENTY from Superior Court for the District of Columbia, case number 09ca8338. ( Filing fee $ 0.00 ) filed by DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, ADRIAN M. FENTY. (Attachments: # 1 Exhibit A, # 2 Notice to Counsel, # 3 Civil Cover Sheet)(rdj) (Entered: 01/04/2010) |
| 01/05/2010 | 2 | | NOTICE of Appearance by Peter J. Leininger on behalf of ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Leininger, Peter) (Entered: 01/05/2010) |
| 01/05/2010 | 3 | | NOTICE of Appearance by Linda Ann Seabrook on behalf of ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Seabrook, Linda) (Entered: 01/05/2010) |
| 01/07/2010 | 4 | | MOTION to Dismiss by ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Attachments: # 1 Memorandum in Support, # 2 Exhibit)(Seabrook, Linda) (Entered: 01/07/2010) |
| 01/07/2010 | 5 | | ENTERED IN ERROR..... *Second Amended Complaint* ANSWER to Complaint with Jury Demand by ALBERT J. ADAMS.(Fuchs, James) Modified on 1/8/2010 (znmw, ). (Entered: 01/07/2010) |
| 01/07/2010 | 6 | | ENTERED IN ERROR.....ERRATA by ALBERT J. ADAMS 5 Answer to Complaint filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Amended Pages to Second Amended Complaint)(Fuchs, James) Modified on 1/8/2010 (znmw, ). (Entered: 01/07/2010) |
| 01/07/2010 | 8 | | Receipt on 1/7/10 of ORIGINAL FILE, certified copy of transfer order and docket sheet from Superior Court. Superior Court Number 09ca8338. (Attachments: # 1 Superior Court Documents)(rdj) (Additional attachment(s) added on 3/15/2010: # 2 Exhibit) (zjf, ). (Entered: 01/08/2010) |
| 01/08/2010 | 7 | | MOTION for Leave to File *Second Amended Complaint* by ALBERT J. ADAMS (Attachments: # 1 Exhibit Second Amended Complaint)(Fuchs, James) (Entered: 01/08/2010) |
| 01/08/2010 | | | NOTICE OF ERROR re 5 Answer to Complaint; emailed to jfuchs@sniderlaw.com, cc'd 3 associated attorneys — The PDF file you docketed contained errors: 1. Leave to file not yet requested and/or granted, 2. Incorrect event used, 3. Entered in error and refiled correctly by counsel as Docket Entry 7 Motion for Leave to File. (znmw, ) (Entered: 01/08/2010) |
| 01/13/2010 | 9 | | Memorandum in opposition to re 4 MOTION to Dismiss filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 1A, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5)(Fuchs, James) (Entered: 01/13/2010) |
| 02/01/2010 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting as conceded 7 the plaintiff's unopposed motion for leave to file a second amended complaint. The second amended complaint is deemed as filed as of the date of this Minute Order. SO ORDERED. Signed by Judge Ricardo M. Urbina on 02/01/2010. (lcrmu1) (Entered: 02/01/2010) |
| 02/01/2010 | 10 | | SECOND AMENDED COMPLAINT against DISTRICT OF COLUMBIA filed by ALBERT J. ADAMS.(znmw, ) (Entered: 02/02/2010) |
| 02/16/2010 | 11 | | MOTION to Dismiss *Second Amended Complaint* by ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Seabrook, Linda) (Entered: 02/16/2010) |
| 02/26/2010 | 12 | | Memorandum in opposition to re 11 MOTION to Dismiss *Second Amended Complaint* filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Exhibit, # 2 Exhibit Exhibit, # 3 Exhibit Exhibit, # 4 Exhibit Exhibit, # 5 Exhibit Exhibit, # 6 Exhibit Exhibit)(Fuchs, James) (Entered: 02/26/2010) |
| 03/08/2010 | 13 | | REPLY to opposition to motion re 11 MOTION to Dismiss *Second Amended Complaint* filed by ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY. (Seabrook, Linda) (Entered: 03/08/2010) |
| 03/17/2010 | 14 | | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY. Attorney Linda Ann Seabrook terminated. (Seabrook, Linda) Modified on 3/18/2010 (znmw, ). (Entered: 03/17/2010) |
| 03/18/2010 | | | NOTICE OF ERROR re 14 Notice of Withdrawal of Appearance; emailed to linda.seabrook@dc.gov, cc'd 3 associated attorneys — The PDF file you docketed contained errors: 1. Incorrect header/caption/case number, 2. Incorrect document/case, 3. Please refile document (znmw, ) (Entered: 03/18/2010) |
| 03/18/2010 | 15 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY. (Seabrook, Linda) (Entered: 03/18/2010) |
| 09/13/2010 | 16 | | NOTICE of Appearance by Reid Whitten on behalf of DISTRICT OF COLUMBIA (Whitten, Reid) (Entered: 09/13/2010) |
| 09/28/2010 | 17 | | ORDER granting in part and denying in part 11 the defendant's motion to dismiss the second amended complaint and denying as moot 4 the defendant's motion to dismiss the first amended complaint. Signed by Judge Ricardo M. Urbina on 09/28/10.(lcrmu1) (Main Document 17 replaced on 9/28/2010) (ztg, ). (Entered: 09/28/2010) |
| 09/28/2010 | 18 | | MEMORANDUM AND OPINION granting in part and denying in part 11 the defendant's motion to dismiss the second amended complaint and denying as moot 4 the defendant's motion to dismiss the first amended complaint. Signed |

| | | by Judge Ricardo M. Urbina on 09/28/10.(lcrmu1) (Entered: 09/28/2010) |
|---|---|---|
| 09/28/2010 | | NOTICE OF CORRECTED DOCKET ENTRY: re 17 Order on Motion to Dismiss. An Order with the correct title was replaced. The corrected document was regenerated to the parties. (tg, ) (Entered: 09/28/2010) |
| 10/12/2010 | 19 | MOTION for Reconsideration re 17 Order and 18 Memorandum and Opinion by ALBERT J. ADAMS (Fuchs, James) Modified to add links on 10/13/2010 (znmw, ). (Entered: 10/12/2010) |
| 10/15/2010 | 20 | First MOTION for Extension of Time to File Answer *to the Second Amended Complaint* by DISTRICT OF COLUMBIA (Mullen, Martha) (Entered: 10/15/2010) |
| 10/26/2010 | 21 | Memorandum in opposition to re 19 MOTION for Reconsideration filed by DISTRICT OF COLUMBIA. (Mullen, Martha) (Entered: 10/26/2010) |
| 10/27/2010 | 22 | REPLY to opposition to motion re 19 MOTION for Reconsideration filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 10/27/2010) |
| 06/27/2011 | 23 | ORDER denying 19 the plaintiff's motion for relief upon reconsideration. Signed by Judge Ricardo M. Urbina on 6/27/11.(lcrmu1) (Entered: 06/27/2011) |
| 06/27/2011 | 24 | MEMORANDUM OPINION denying 19 the plaintiff's motion for relief upon reconsideration. Signed by Judge Ricardo M. Urbina on 6/27/11.(lcrmu1) (Entered: 06/27/2011) |
| 06/27/2011 | 25 | NOTICE OF APPEAL as to 17 Order on Motion to Dismiss,,, by ALBERT J. ADAMS. Filing fee $ 455, receipt number 0090−2584189. Fee Status: Fee Paid. Parties have been notified. (Fuchs, James) (Entered: 06/27/2011) |
| 06/27/2011 | | MINUTE ORDER granting 20 the defendants' Motion for Extension of Time to Answer. It is ORDERED that Defendants motion is GRANTED; and it is further ORDERED that Defendant shall file an answer in this matter 7 days after Plaintiff's Motion for Reconsideration has been ruled upon. SO ORDERED. Signed by Judge Ricardo M. Urbina on 6/27/11, nunc pro tunc to 10/15/10. (lcrmu1) Modified on 6/27/2011 to edit entry (tg, ). (Entered: 06/27/2011) |
| 06/28/2011 | 26 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 25 Notice of Appeal. (znmw, ) (Entered: 06/28/2011) |
| 06/29/2011 | | USCA Case Number 11−7069 for 25 Notice of Appeal filed by ALBERT J. ADAMS. (kb) (Entered: 06/29/2011) |
| 07/05/2011 | 27 | *Defendant's* ANSWER to 10 Second Amended Complaint by DISTRICT OF COLUMBIA.(Mullen, Martha) Modified to add link on 7/6/2011 (znmw, ). (Entered: 07/05/2011) |
| 07/05/2011 | 28 | STANDING ORDER signed by Judge Ricardo M. Urbina on 7/5/2011. Read the Standing Order carefully, it will govern this case. Failure to follow the Standing Order will result in sanctions. (tg, ) (Entered: 07/05/2011) |
| 10/12/2011 | 29 | MANDATE of USCA as to 25 Notice of Appeal filed by ALBERT J. ADAMS ; USCA Case Number 11−7069. ORDERED that the motion to |

dismiss be granted. (kb) (Entered: 10/18/2011)

| 02/17/2012 | | | MINUTE ORDER. An initial status hearing is scheduled for April 5, 2012 at 3:30 p.m. SO ORDERED. Signed by Judge Ricardo M. Urbina on 2/17/12.(lcrmu1) (Entered: 02/17/2012) |
|---|---|---|---|
| 02/17/2012 | | | Set/Reset Hearings: Initial Status Hearing scheduled for 4/5/2012 at 3:30 PM in Courtroom 30A before Judge Ricardo M. Urbina. (tg, ) (Entered: 02/21/2012) |
| 02/23/2012 | 30 | | MOTION to Continue to by ALBERT J. ADAMS (Fuchs, James) Modified event title on 2/24/2012 (znmw, ). (Entered: 02/23/2012) |
| 02/24/2012 | | | MINUTE ORDER granting 30 the parties' consent motion for a continuance of the initial status hearing. The initial status hearing originally scheduled for April 5, 2012 is VACATED and is RESCHEDULED for 5/10/12 at 10:15 a.m. Signed by Judge Ricardo M. Urbina on 2/24/12.(lcrmu1) (Entered: 02/24/2012) |
| 02/24/2012 | | | Set/Reset Hearings: Initial Status Hearing RESCHEDULED for 5/10/2012 at 10:15 AM in Courtroom 30, Annex Building, Sixth Floor, before Judge Ricardo M. Urbina. (tg, ) (Entered: 02/24/2012) |
| 04/20/2012 | | | Case randomly reassigned to Judge James E. Boasberg. Judge Ricardo M. Urbina no longer assigned to the case. (gt, ) (Entered: 04/20/2012) |
| 04/20/2012 | | | MINUTE ORDER: The Court ORDERS that the Initial Scheduling Conference previously scheduled for May 10, 2012, at 10:15 a.m. before Judge Ricardo M. Urbina will now be held in Courtroom 19 before Judge James E. Boasberg. Signed by Judge James E. Boasberg on 4/20/2012. (lcjeb2) (Entered: 04/20/2012) |
| 04/23/2012 | | | Set/Reset Hearing: The Initial Scheduling Conference previously scheduled for 5/10/2012 at 10:15 AM before Judge Ricardo M. Urbina WILL NOW BE HELD IN COURTROOM 19 before Judge James E. Boasberg. (ad) (Entered: 04/23/2012) |
| 05/07/2012 | 31 | | MEET AND CONFER STATEMENT. (Fuchs, James) (Entered: 05/07/2012) |
| 05/10/2012 | 32 | | SCHEDULING ORDER. The parties Rule 26(a)(1) initial disclosures shall be filed on or before May 30, 2012; fact discovery shall be completed on or before November 12, 2012; and a Status Conference is scheduled for November 19, 2012, at 9:30 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 5/10/2012. (lcjeb2) (Main Document 32 replaced on 5/10/2012) (ad). Modified on 5/10/2012 to correct the Status Conference date (ad). (Entered: 05/10/2012) |
| 05/10/2012 | | | Minute Entry for proceedings held before Judge James E. Boasberg: Initial Scheduling Conference held on 5/10/2012. A Status Conference is set for 11/19/2012 at 09:30 AM in Courtroom 19 before Judge James E. Boasberg. (Court Reporter Lisa Griffith) (ad) (Entered: 05/10/2012) |
| 05/10/2012 | | | Set/Reset Deadlines: Parties' Rule 26(a)(1) initial disclosures shall be filed on or before 5/30/2012; Fact discovery shall be completed on or before 11/12/2012. (ad) (Entered: 05/10/2012) |

| | | |
|---|---|---|
| 05/31/2012 | 33 | Consent MOTION for Extension of Time to *for the parties to file their initial disclosures* by ALBERT J. ADAMS (Attachments: #1 Text of Proposed Order)(Feldman, Allan) (Entered: 05/31/2012) |
| 05/31/2012 | | MINUTE ORDER granting 33 Plaintiff's Consent Motion for Extension of Time to File Initial Disclosures. The Court ORDERS that initial disclosures shall be submitted on or before June 6, 2012. Signed by Judge James E. Boasberg on 5/31/2012. (lcjeb2) (Entered: 05/31/2012) |
| 05/31/2012 | | Set/Reset Deadlines: Initial Disclosures shall be submitted on or before 6/06/2012. (ad) (Entered: 05/31/2012) |
| 08/20/2012 | 34 | CONSENT MOTION for Extension of Time for *the parties to file their initial disclosures pursuant to Fed. Civ. P. 26(a)(1)* by ALBERT J. ADAMS (Fuchs, James) Modified on 8/21/2012 to edit text (dr). (Entered: 08/20/2012) |
| 08/21/2012 | | MINUTE ORDER granting 34 Plaintiff's Consent Motion for Extension of Time to File Initial Disclosures. The Court ORDERS that initial disclosures shall be submitted on or before August 22, 2012. Signed by Judge James E. Boasberg on 08/21/2012. (lcjeb2) (Entered: 08/21/2012) |
| 08/21/2012 | | Set/Reset Deadline: Initial disclosures shall be submitted on or before 8/22/2012. (ad) (Entered: 08/21/2012) |
| 08/22/2012 | 35 | PERIODIC REPORT by USA by ALBERT J. ADAMS. (Fuchs, James) (Entered: 08/22/2012) |
| 11/05/2012 | 36 | MOTION for Extension of Time to Complete Discovery by ALBERT J. ADAMS (Attachments: #1 Exhibit Exhibit 1, #2 Exhibit Exhibit 2, #3 Exhibit Exhibit 3, #4 Exhibit Exhibit 4, #5 Exhibit Exhibit 5, #6 Exhibit Exhibit 6, #7 Exhibit Exhibit 7)(Fuchs, James) (Entered: 11/05/2012) |
| 11/06/2012 | | MINUTE ORDER granting 36 Plaintiff's Motion for Extension of Time for the Parties to Complete Discovery. The Court ORDERS that: (1) fact discovery shall now be completed on or before January 11, 2013; (2) the status hearing previously scheduled for November 19, 2012, is vacated; and (3) a status hearing is scheduled for January 15, 2013, at 9:45 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 11/6/2012. (lcjeb2) (Entered: 11/06/2012) |
| 11/06/2012 | | Set/Reset Deadlines/Hearings: Fact discovery shall now be completed on or before 1/11/2013. The Status Hearing scheduled for 11/19/2012 at 9:30 AM is VACATED and RESCHEDULED for 1/15/2013 at 9:45 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 11/06/2012) |
| 12/19/2012 | 37 | MOTION to Compel *Depositions* by ALBERT J. ADAMS (Attachments: #1 Exhibit Exhibit 1, #2 Exhibit Exhibit 2, #3 Exhibit Exhibit 3, #4 Exhibit Exhibit 4)(Fuchs, James) (Entered: 12/19/2012) |
| 12/20/2012 | | MINUTE ORDER: 37 Plaintiff's Motion to Compel Depositions is DENIED WITHOUT PREJUDICE. The 32 Scheduling Order explains how discovery disputes are handled. Signed by Judge James E. Boasberg on 12/20/2012. (lcjeb2) (Entered: 12/20/2012) |
| 12/21/2012 | | MINUTE ORDER: As discussed in today's conference call from chambers, the Court ORDERS that: (1) Plaintiff's deposition shall take place in Plaintiff's |

| | | |
|---|---|---|
| | | counsel's office; and (2) All depositions of current employees of Defendant or of former employees that Plaintiff successfully subpoenas or Defendant produces shall take place in Defendant's counsel's office. Signed by Judge James E. Boasberg on 12/21/2012. (lcjeb2) (Entered: 12/21/2012) |
| 01/08/2013 | 38 | MOTION for Extension of Time to Complete Discovery by ALBERT J. ADAMS (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Fuchs, James) (Entered: 01/08/2013) |
| 01/08/2013 | | MINUTE ORDER granting the parties' 38 Consent Motion for Extension of Time for the Parties to Complete Discovery. The Court ORDERS that: (1) fact discovery shall now be completed on or before February 25, 2013; (2) the status hearing previously scheduled for January 15, 2013, is vacated; and (3) a status hearing is scheduled for February 28, 2013, at 9:30 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 1/8/2013. (lcjeb2) (Entered: 01/08/2013) |
| 01/08/2013 | | Set/Reset Deadlines/Hearings: Fact Discovery due by 2/25/2013. Status Conference RESCHEDULED for 2/28/2013 at 9:30 AM in Courtroom 19 before Judge James E. Boasberg. (tg, ) (Entered: 01/09/2013) |
| 02/28/2013 | | MINUTE ORDER: Because counsel failed to appear, the Court ORDERS that today's status hearing is vacated and a status hearing is scheduled for March 14, 2013, at 10:30 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 2/28/2013. (lcjeb2) (Entered: 02/28/2013) |
| 02/28/2013 | | Set/Reset Hearing: A Status Conference is set for 3/14/2013 at 10:30 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 02/28/2013) |
| 03/12/2013 | 39 | MOTION for Extension of Time to by ALBERT J. ADAMS (Fuchs, James) (Entered: 03/12/2013) |
| 03/12/2013 | | MINUTE ORDER: Plaintiff's 39 Consent Motion for Extension of Time is hereby GRANTED. Discovery shall be completed on or before May 9, 2013 and the scheduling conference previously set for March 14, 2013, at 10:30 a.m. is hereby VACATED and RESCHEDULED for May 9, 2013 at 10:00 AM in Courtroom 19 before Judge James E. Boasberg. Signed by Judge James E. Boasberg on 3/12/13. (lcjeb4) (Entered: 03/12/2013) |
| 03/13/2013 | | Set/Reset Deadlines/Hearings: Discovery shall be completed on or before 5/9/2013. The Status Conference set for 3/14/2013 at 10:30 A.M. is hereby VACATED and RESCHEDULED for 5/9/2013 at 10:00 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 03/13/2013) |
| 04/04/2013 | 40 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ALBERT J. ADAMS. Attorney Allan E. Feldman terminated. (Feldman, Allan) (Entered: 04/04/2013) |
| 05/01/2013 | 41 | MOTION for Extension of Time to by ALBERT J. ADAMS (Attachments: # 1 Exhibit Exhibit 1)(Fuchs, James) (Entered: 05/01/2013) |
| 05/01/2013 | | MINUTE ORDER granting Plaintiff's 41 Consent Motion for Extension of Time for the Parties to Appear for Status Conference. The Court ORDERS that: (1) Discovery shall now be completed by June 27, 2013; and (2) The status conference previously scheduled for May 9, 2013, shall now be held on June 27, 2013, at 9:30 a.m. in Courtroom 19. Signed by Judge James E. |

| | | Boasberg on 5/1/2013. (lcjeb2) (Entered: 05/01/2013) |
|---|---|---|
| 05/01/2013 | | Set/Reset Deadlines/Hearings: Discovery shall now be completed by 6/27/2013. The Status Conference set for 5/09/2013 at 10:00 AM is hereby VACATED and RESCHEDULED for 6/27/2013 at 9:30 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 05/01/2013) |
| 06/27/2013 | | MINUTE ORDER: As discussed at today's status conference, the Court ORDERS that: (1) Discovery shall now be completed by August 30, 2013; (2) Plaintiff must produce his Social Security file or provide an authorization to the Government; (3) Plaintiff may depose one of Defendant's witnesses before Defendant deposes Plaintiff; and (4) A further status conference is scheduled for September 9, 2013, at 10:00 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 6/27/2013. (lcjeb2) (Entered: 06/27/2013) |
| 06/27/2013 | | Minute Entry for proceedings held before Judge James E. Boasberg: Status Conference held on 6/27/2013. (Discovery shall now be completed by 08/30/2013). A further Status Conference is set for 9/9/2013 at 10:00 AM in Courtroom 19 before Judge James E. Boasberg. (Court Reporter Lisa Griffith) (dr) (Entered: 06/27/2013) |
| 08/19/2013 | | MINUTE ORDER: The Court hereby ORDERS that a Conference Call with Chambers is scheduled for August 22, 2013, at 2:30 p.m., to discuss discovery issues and pending motions in this case. The parties shall jointly call Chambers at (202) 354−3300 at the appointed time. Signed by Judge James E. Boasberg on 8/19/2013. (lcjeb3) (Entered: 08/19/2013) |
| 08/22/2013 | | MINUTE ORDER: As discussed in today's conference call from chambers, the Court ORDERS that: 1) Discovery is now extended through October 28, 2013, and 2) The status conference set for September 9, 2013 at 10:00 AM is VACATED and RESCHEDULED for November 4, 2013 at 9:30 AM in Courtroom 19 before Judge James E. Boasberg. Signed by Judge James E. Boasberg on 8/22/13. (lcjeb1) Modified on 8/22/2013 (ad). (Entered: 08/22/2013) |
| 08/22/2013 | | Minute Entry for proceedings held before Judge James E. Boasberg: Telephone Conference held on 8/22/2013. (ad) (Entered: 08/22/2013) |
| 08/22/2013 | | Set/Reset Deadlines/Hearings: Discovery is now extended through 10/28/2013. The Status Conference set for 9/09/2013 at 10:00 AM is VACATED and RESCHEDULED for 11/04/2013 at 9:30 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 08/22/2013) |
| 10/11/2013 | 42 | Consent MOTION to Stay by DISTRICT OF COLUMBIA (Attachments: # 1 Text of Proposed Order)(Naini, Ali) (Entered: 10/11/2013) |
| 10/15/2013 | | MINUTE ORDER granting Defendant's Consent 42 Motion To Stay. The court ORDERS that: (1) Discovery is stayed pending resolution of the federal government shutdown; and (2) The parties shall jointly file a modified proposed schedule no later than seven days after the end of the shutdown. Signed by Judge James E. Boasberg on 10/15/13. (lcjeb1) (Entered: 10/15/2013) |
| 10/18/2013 | | MINUTE ORDER: The Court ORDERS that the Stay is LIFTED. Signed by Judge James E. Boasberg on 10/18/13. (lcjeb1) (Entered: 10/18/2013) |

| | | |
|---|---|---|
| 10/22/2013 | 43 | Joint MOTION for Scheduling Order by ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Attachments: # 1 Text of Proposed Order)(Naini, Ali) (Entered: 10/22/2013) |
| 10/23/2013 | | MINUTE ORDER granting 43 Joint Motion for Modified Scheduling Order: The Court ORDERS that discovery is extended by a period of thirty days, to November 27, 2013. The Court will set a briefing schedule once discovery closes. Signed by Judge James E. Boasberg on 10/23/13. (lcjeb1) (Entered: 10/23/2013) |
| 10/23/2013 | | Set/Reset Deadline: Discovery is extended by a period of thirty days, to 11/27/2013. (ad) (Entered: 10/23/2013) |
| 10/23/2013 | | MINUTE ORDER: The Court ORDERS that a Status Hearing shall be held on December 6, 2013, at 10:00 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 10/23/13. (lcjeb1) (Entered: 10/23/2013) |
| 10/23/2013 | | MINUTE ORDER: In light of today's amendments to the discovery schedule in this matter and the Status Hearing scheduled for December 6, 2013, the Court vacates the hearing scheduled for November 4, 2013. Signed by Judge James E. Boasberg on 10/23/13. (lcjeb1) (Entered: 10/23/2013) |
| 10/23/2013 | | Set/Reset Hearings: The Status Conference set for 11/04/2013 at 9:30 AM is hereby VACATED and RESCHEDULED for 12/06/2013 at 10:00 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 10/23/2013) |
| 11/07/2013 | | MINUTE ORDER: A conference call is hereby set for Friday, November 8, 2013, at 11:00 a.m. to discuss a discovery dispute between the parties. The Court ORDERS that the parties shall jointly call Chambers at (202) 354−3300 at that time. Signed by Judge James E. Boasberg on 11/7/13. (lcjeb1) (Entered: 11/07/2013) |
| 11/08/2013 | | MINUTE ORDER: As discussed in today's discovery conference call from chambers, the Court ORDERS that Plaintiff's oral motion to compel the release of information regarding other individuals' accommodation issues is DENIED. Signed by Judge James E. Boasberg on 11/8/13. (lcjeb1) (Entered: 11/08/2013) |
| 11/08/2013 | 44 | NOTICE by ALBERT J. ADAMS (Fuchs, James) (Entered: 11/08/2013) |
| 11/08/2013 | 45 | ERRATA by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Revised Notice)(Fuchs, James) (Entered: 11/08/2013) |
| 11/08/2013 | | Minute Entry for proceedings held before Judge James E. Boasberg: Telephone Conference held on 11/8/2013. (ad) (Entered: 11/08/2013) |
| 11/15/2013 | | MINUTE ORDER: Due to a schedule conflict, the Status Conference set for December 6, 2013, at 10:00 a.m. is hereby VACATED and RESCHEDULED for December 12, 2013, at 10:00 a.m. in Courtroom 19 before Judge James E. Boasberg. Signed by Judge James E. Boasberg on 11/15/13. (lcjeb1) (Entered: 11/15/2013) |
| 11/15/2013 | | Set/Reset Hearings: The Status Conference set for 12/6/2013 at 10:00 AM is hereby VACATED and RESCHEDULED for 12/12/2013 at 10:00 AM in |

Courtroom 19 before Judge James E. Boasberg. (dr) (Entered: 11/15/2013)

| | | |
|---|---|---|
| 11/27/2013 | 46 | MOTION for Extension of Time to *in Which to Depose Plaintiff* by DISTRICT OF COLUMBIA (Mullen, Martha) (Entered: 11/27/2013) |
| 11/28/2013 | 47 | Memorandum in opposition to re 46 MOTION for Extension of Time to *in Which to Depose Plaintiff* filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Chronology, # 2 Exhibit Email, # 3 Exhibit Email, # 4 Exhibit Email)(Fuchs, James) (Entered: 11/28/2013) |
| 12/02/2013 | | MINUTE ORDER: A conference call is hereby set for Tuesday, December 3, 2013, at 3:00 p.m. to discuss Defendant's 46 Motion for Extension of Time to Depose Plaintiff. The Court ORDERS that the parties shall jointly call Chambers at (202)354−3300 at that time. Signed by Judge James E. Boasberg on 12/2/13. (lcjeb1) (Entered: 12/02/2013) |
| 12/02/2013 | | Minute Entry for proceedings held before Judge James E. Boasberg: Telephone Conference held on 12/2/2013. (ad) (Entered: 12/04/2013) |
| 12/03/2013 | | MINUTE ORDER: As discussed in today's discovery conference call, the Court ORDERS that Defendant's 46 Motion for Extension is GRANTED, and Defendant shall have until December 23, 2013, to depose Plaintiff. Signed by Judge James E. Boasberg on 12/3/13. (lcjeb1) (Entered: 12/03/2013) |
| 12/03/2013 | | Set/Reset Deadlines: Deposition of plaintiff due by 12/23/2013. (tg, ) (Entered: 12/03/2013) |
| 12/04/2013 | | MINUTE ORDER: The Court ORDERS that the Status Hearing scheduled for December 12, 2013, is hereby VACATED and RESCHEDULED for January 7, 2014, at 10:00 a.m. in Courtroom 19. Signed by Judge James E. Boasberg on 12/4/13. (lcjeb1) (Entered: 12/04/2013) |
| 12/05/2013 | | Set/Reset Hearings: The Status Conference set for 12/12/2013 at 10:00 AM is hereby VACATED and RESCHEDULED for 1/7/2014 at 10:00 AM in Courtroom 19 before Judge James E. Boasberg. (ad) (Entered: 12/05/2013) |
| 12/17/2013 | | MINUTE ORDER: A conference call is hereby set for Thursday, December 19, 2013, at 2:00 p.m. to discuss the parties' latest discovery dispute. The Court ORDERS that the parties shall jointly call Chambers at (202)354−3300 at that time. Signed by Judge James E. Boasberg on 12/17/13. (lcjeb1) (Entered: 12/17/2013) |
| 12/19/2013 | | MINUTE ORDER: As discussed in today's conference call from chambers, the Court ORDERS that defense counsel make a representation on the record in the ongoing deposition that she has discussed the documents reviewed by Plaintiff's supervisor prior to his deposition and ascertained that all have been produced in discovery. Signed by Judge James E. Boasberg on 12/19/13. (lcjeb1) (Entered: 12/19/2013) |
| 12/19/2013 | | Minute Entry for proceedings held before Judge James E. Boasberg: Telephone Conference held on 12/19/2013. (ad) (Entered: 12/19/2013) |
| 01/07/2014 | | MINUTE ORDER: The Court ORDERS that: (1) Defendants shall file their Motion for Summary Judgment on or before February 7, 2014; (2) Plaintiff shall oppose Defendants' Motion on or before February 28, 2014; and (3) Defendants shall file their Reply to Plaintiff's Opposition on or before March |

| | | | |
|---|---|---|---|
| | | | 12, 2014. Signed by Judge James E. Boasberg on 1/7/14. (lcjeb1) (Entered: 01/07/2014) |
| 01/07/2014 | | | Minute Entry for proceedings held before Judge James E. Boasberg: Status Conference held on 1/7/14. Counsel for the Defendant, Martha Mullen appeared via telephone. (Defendants shall file their Motion for Summary Judgment on or before 2/07/2014; Plaintiff shall oppose Defendants' Motion on or before 2/28/2014; Defendants shall file their Reply to Plaintiff's Opposition on or before 3/12/2014). (Court Reporter Lisa Griffith) (ad) (Entered: 01/07/2014) |
| 02/04/2014 | 48 | | Consent MOTION for Extension of Time to *File Dispositive Motion* by DISTRICT OF COLUMBIA (Attachments: # 1 Text of Proposed Order)(Naini, Ali) (Entered: 02/04/2014) |
| 02/05/2014 | | | MINUTE ORDER granting Defendants' 48 Consent Motion for Modified Briefing Schedule. The Court ORDERS that the following dates shall govern further proceedings: (1) Defendants' Motion for Summary Judgment shall be due on or before February 14, 2014; (2) Plaintiff's opposition shall be due on or before March 14, 2014; and (3) Defendants' reply shall be due on or before March 26, 2014. Signed by Judge James E. Boasberg on 2/5/14. (lcjeb1) (Entered: 02/05/2014) |
| 02/05/2014 | | | Set/Reset Deadlines: Defendants' Motion for Summary Judgment shall be due on or before 2/14/2014; Plaintiff's opposition shall be due on or before 3/14/2014; and Defendants' reply shall be due on or before 3/26/2014. (ad) (Entered: 02/05/2014) |
| 02/12/2014 | 49 | | Second MOTION for Extension of Time to *File Dispositive Motion* by ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF MENTAL HEALTH OF THE DISTRICT OF COLUMBIA, DISTRICT OF COLUMBIA, ADRIAN M. FENTY (Attachments: # 1 Text of Proposed Order)(Naini, Ali) (Entered: 02/12/2014) |
| 02/12/2014 | | | MINUTE ORDER: Defendants' 49 Motion for Extension of Time to File is GRANTED. The Court ORDERS that: (1) Defendants shall file their dispositive motion on or before February 28, 2014; (2) Plaintiff shall file his opposition on or before March 31, 2014; and (3) Defendants shall file their reply on or before April 14, 2014. Signed by Judge James E. Boasberg on 2/12/14. (lcjeb1) (Entered: 02/12/2014) |
| 02/12/2014 | | | Set/Reset Deadlines: Defendants' Dispositive Motion due by 2/28/2014; Plaintiff's Opposition to Dispositive Motion due by 3/31/2014. Defendants' Reply due by 4/14/2014. (tg, ) (Entered: 02/12/2014) |
| 02/27/2014 | 50 | | MOTION for Extension of Time to *File Dispositive Motions* by DISTRICT OF COLUMBIA (Attachments: # 1 Text of Proposed Order)(Naini, Ali) (Entered: 02/27/2014) |
| 02/28/2014 | | | MINUTE ORDER: Given that the District's 50 Motion for Extension of Time is its third, that Defendant offers only the vaguest of reasons, and that Plaintiff opposes, the Court ORDERS that the Motion is DENIED WITHOUT PREJUDICE. If Defendant seeks to renew the Motion, it will have to offer more specifics about why it was unable to file its Motion with two extensions. Signed by Judge James E. Boasberg on 2/28/14. (lcjeb1) (Entered: |

| | | |
|---|---|---|
| | | 02/28/2014) |
| 02/28/2014 | 51 | Supplemental MOTION for Extension of Time to File *Motion for Summary Judgment* by DISTRICT OF COLUMBIA (Mullen, Martha) (Entered: 02/28/2014) |
| 02/28/2014 | | MINUTE ORDER: If Plaintiff opposes Defendant's 51 Supplemental Motion, he shall file such opposition by March 3, 2014. Defendant need not file its Motion for Summary Judgment until the Court has ruled on its Supplemental Motion. Signed by Judge James E. Boasberg on 2/28/14. (lcjeb1) (Entered: 02/28/2014) |
| 02/28/2014 | | Set/Reset Deadlines: Plaintiff's Opposition to 51 Supplemental Motion, if any, due by 3/3/2014 (tg, ) (Entered: 02/28/2014) |
| 03/03/2014 | 52 | RESPONSE re 51 Supplemental MOTION for Extension of Time to File *Motion for Summary Judgment* filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Emails, # 2 Exhibit Emails, # 3 Exhibit Email, Letter, &Document, # 4 Exhibit Email)(Fuchs, James) (Entered: 03/03/2014) |
| 03/03/2014 | 53 | REPLY to opposition to motion re 51 Supplemental MOTION for Extension of Time to File *Motion for Summary Judgment* filed by DISTRICT OF COLUMBIA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Naini, Ali) (Entered: 03/03/2014) |
| 03/04/2014 | | MINUTE ORDER: Defendant's 51 Supplemental Motion for Extension is GRANTED. Defendant may file its Motion for Summary Judgment on or before March 7, 2014. No further extensions will be permitted. Signed by Judge James E. Boasberg on 3/4/14. (lcjeb1) (Entered: 03/04/2014) |
| 03/04/2014 | | Set/Reset Deadline: If Plaintiff opposes Defendant's 51 Supplemental Motion, he shall file such opposition by 3/3/2014 (ad) (Entered: 03/04/2014) |
| 03/07/2014 | 54 | MOTION for Summary Judgment by DISTRICT OF COLUMBIA (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6)(Naini, Ali) (Entered: 03/07/2014) |
| 04/07/2014 | 55 | Memorandum in opposition to re 54 MOTION for Summary Judgment filed by ALBERT J. ADAMS. (Attachments: # 1 Statement of Facts Statement of Facts, # 2 Exhibit Proposed Order)(Fuchs, James) (Entered: 04/07/2014) |
| 04/07/2014 | 56 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/07/2014) |
| 04/07/2014 | 57 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Exhibit, # 2 Exhibit Exhibit, # 3 Exhibit Exhibit)(Fuchs, James) (Entered: 04/07/2014) |
| 04/07/2014 | 58 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Attachments: # 1 Exhibit Exhibit, # 2 Exhibit Exhibit, # 3 Exhibit Exhbit, # 4 Exhibit Exhbit, # 5 Exhibit Exhibit, # 6 Exhibit Exhibit)(Fuchs, James) (Entered: 04/07/2014) |

| 04/07/2014 | 59 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/07/2014) |
|---|---|---|
| 04/07/2014 | 60 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/07/2014) |
| 04/08/2014 | 61 | MOTION for Leave to File by ALBERT J. ADAMS (Fuchs, James) (Entered: 04/08/2014) |
| 04/08/2014 | | MINUTE ORDER granting Plaintiff's 61 Consent Motion for Leave to File. The Court ORDERS that Plaintiff shall file his two remaining exhibits today, April 8, 2014. Signed by Judge James E. Boasberg on 4/8/14. (lcjeb1) (Entered: 04/08/2014) |
| 04/08/2014 | | Set/Reset Deadline: Plaintiff shall file his two remaining exhibits today, 4/8/2014. (ad) (Entered: 04/08/2014) |
| 04/08/2014 | 62 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/08/2014) |
| 04/08/2014 | 63 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/08/2014) |
| 04/08/2014 | 64 | LARGE ADDITIONAL ATTACHMENT(S) by ALBERT J. ADAMS 55 Memorandum in Opposition filed by ALBERT J. ADAMS. (Fuchs, James) (Entered: 04/08/2014) |
| 04/08/2014 | 65 | Consent MOTION for Extension of Time to *Reply* by DISTRICT OF COLUMBIA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Naini, Ali) (Entered: 04/08/2014) |
| 04/09/2014 | | MINUTE ORDER granting Defendant's 65 Consent Motion for Extension of Time to File Reply: The Court ORDERS that Defendant shall file its Reply to Plaintiff's Opposition on or before April 21, 2014. Signed by Judge James E. Boasberg on 4/9/14. (lcjeb1) (Entered: 04/09/2014) |
| 04/09/2014 | | Set/Reset Deadline: Defendant shall file its Reply to Plaintiff's Opposition on or before 4/21/2014. (ad) (Entered: 04/09/2014) |
| 04/17/2014 | 66 | Unopposed MOTION for Extension of Time to *File Reply* by DISTRICT OF COLUMBIA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Naini, Ali) (Entered: 04/17/2014) |
| 04/18/2014 | | MINUTE ORDER granting Defendants' 66 Unopposed Motion for Extension of Time to File Reply: The Court ORDERS that Defendants shall file their reply on or before April 24, 2014. Signed by Judge James E. Boasberg on 4/18/14. (lcjeb1) (Entered: 04/18/2014) |
| 04/18/2014 | | Set/Reset Deadlines: Defendants' Reply due by 4/24/2014. (tg, ) (Entered: 04/18/2014) |
| 04/24/2014 | 67 | REPLY to opposition to motion re 54 MOTION for Summary Judgment filed by DISTRICT OF COLUMBIA. (Attachments: # 1 Statement of Facts D.C.'s |

| | | | |
|---|---|---|---|
| | | | Responses to Pl.'s Statement of Facts, # 2 Statement of Facts D.C.'s Responses to Pl.'s Responses to D.C.'s Statement of Facts, # 3 Exhibit)(Naini, Ali) (Entered: 04/24/2014) |
| 06/27/2014 | 68 | 36 | ORDER: For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that: (1) Defendant's Motion for Summary Judgment is GRANTED; and (2) Judgment is ENTERED in favor of Defendant. Signed by Judge James E. Boasberg on 6/27/14. (lcjeb1) (Entered: 06/27/2014) |
| 06/27/2014 | 69 | 19 | MEMORANDUM OPINION re 68 Order. Signed by Judge James E. Boasberg on 6/27/14. (lcjeb1) (Entered: 06/27/2014) |
| 06/30/2014 | 70 | 17 | NOTICE OF APPEAL TO DC CIRCUIT COURT by ALBERT J. ADAMS. Fee Status: No Fee Paid. Parties have been notified. (Fuchs, James) (Entered: 06/30/2014) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALBERT J. ADAMS | ) |
| | ) |
| Plaintiff, | ) **Civil Action No.** 09-CV-02459 |
| ` | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |

## NOTICE OF APPEAL

Plaintiff, Albert Adams, through his undersigned counsel, hereby gives notice of his

appeal to the U.S. Court of Appeals, from the entry of judgment in this case by the U.S. District

Court of Columbia, on June 27, 2014.

Respectfully submitted,

/s/

Michael J. Snider, Esq., #24695
James L. Fuchs, Bar #17092
Allan E. Feldman, Esq. #503357
Snider & Associates, LLC
600 Reisterstown Road
Seventh Floor
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
jfuchs@sniderlaw.com email
ecf@sniderlaw.com email
Attorneys for the Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2014, I filed Plaintiff's Notice of Appeal with the cler if the Court using the CM?ECF system which will send notification of such filing to CM/ECF.

Martha Mullen, Esq.
Senior Assistant Attorney General
District of Columbia
441 Fourth St. NW
Sixth Floor South
Washington D.C.  20001

                                      /s/
                                   Michael J. Snider, Esq., #24695
                                   James L. Fuchs, Bar #17092
                                   Snider & Associates, LLC
                                   600 Reisterstown Road
                                   Seventh Floor
                                   Baltimore, MD 21208
                                   410-653-9060 phone
                                   410-653-9061 fax
                                   jfuchs@sniderlaw.com email
                                   ecf@sniderlaw.com email
                                   Attorneys for the Plaintiff

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ALBERT ADAMS,**

      **Plaintiff,**

        **v.**                            **Civil Action No. 09-2459 (JEB)**

**DISTRICT OF COLUMBIA,**

      **Defendant.**

## MEMORANDUM OPINION

Plaintiff Albert Adams, at the time an Information Technology Specialist with the District of Columbia Department of Mental Health, suffered a serious stroke in 2005. After being incapacitated for a few months in the hospital, he sought an accommodation that would allow him to keep working for DMH despite significant physical and mental after-effects. To that end, Adams spent several months negotiating an alternative work arrangement with the Department. Those talks ultimately went nowhere, however, so Adams brought this action against the District under the Americans with Disabilities Act, the federal Rehabilitation Act, and the D.C. Human Rights Act, alleging that DMH failed to provide him with reasonable accommodations while he was recovering from his stroke, discriminated against him because of his disability, and subjected him to a hostile work environment. Another court in this District dismissed Adams's intentional-discrimination and DCHRA claims, but it allowed him to commence discovery relating to the allegations in his reasonable-accommodation and hostile-work-environment counts. Discovery now complete, Defendant moves for summary judgment. Although Plaintiff's plight is regrettable, the Court must conclude that his remaining claims fail as a matter of law, and so it will grant the District's Motion in full.

1

I.     **Background**

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Albert

Adams joined the District's Department of Mental Health in late 2003 as an Information

Technology Specialist.  In that role, he trained agency staff to use computer systems and

provided in-person and virtual-help-desk support to users.  See Def. Statement of Undisputed

Material Facts, ¶¶ 1-2.  He was also responsible for planning and implementing assignments and

reporting on the efficiency of programs, among other things.  See Pl. Response to Def. SUMF, ¶

2.  Travel was a key function of his position, as was speaking with others, see Opp., Exh. 1

(Deposition of Albert Adams) at 55:18-57:9, 65:5-66:7; Def. SUMF, ¶ 5, though Adams insists

that neither was a "requirement."  See Adams Depo. at 54:20-21.

On May 8, 2005, Adams experienced a significant stroke, which required hospitalization

through July of the same year and continued medical supervision thereafter.  Before his stroke,

Adams had been a model employee, receiving excellent ratings from his supervisors.  See Def.

SUMF, ¶ 7.  Afterward, however, he suffered from a variety of complications, including slurred

speech, difficulty walking, memory loss, trouble focusing, and an inability to stand or sit for long

periods of time.  See Adams Depo. at 105:1-126:4.

About four months after the stroke, Adams's wife notified DMH that he wanted to return

to work, but that he would need to telecommute.  Nothing ultimately came of the request, so

Adams took action, applying for Social Security disability benefits.  Mot., Exh. 3 (Application

for Disability Insurance Benefits).  In that application, after describing his job – he mentioned,

among other things, that he "traveled to various locations to train persons on computer software

and hardware" – Adams represented that his "health [would] no longer allow [him] to work" and

that he was "still disabled" at the time of the application.  Id. at 2-3, 12.  Threatened by mounting

2

financial obligations, he also submitted a letter to the IRS seeking discharge of unpaid taxes

because he was "physically disabled and not able to work." Mot., Exh. 5 (Letter to IRS, Sept.

27, 2005). Consistent with those statements, Adams has not returned to work since his stroke.

While he sought accommodation for his disability, Adams alleges, he was made to suffer

a hostile work environment at his home. In particular, he asserts that his supervisor, with whom

he had discussed his disability, was "very abrasive" to his wife over the phone (though he never

heard any of those conversations). See Adams Depo. at 217:22-218:20. He also claims to have

felt intimidated by the same supervisor, who told Adams he was not "quite sure" if Adams would

be needed in the office going forward. Id. at 228:20-229:7; 229:14-19.

The District finally decided in February 2006 that it would not allow Adams to work

from home and so informed him. See 2d Am. Compl., ¶ 32-33. After properly exhausting the

available administrative remedies, Adams brought this suit against the District on November 9,

2009. His Second Amended Complaint alleges three principal violations of the ADA and the

federal Rehabilitation Act: first, the District intentionally discriminated against him because of

his disability, see id., ¶¶ 108-21; second, it failed to provide the reasonable accommodations he

requested, see id., ¶¶ 65-73; and third, it subjected him to a hostile work environment. See id., ¶¶

98-107. The Complaint also asserts that DMH discriminated against Adams in violation of the

D.C. Human Rights Act. In a 2012 Memorandum Opinion, another court in this District

dismissed the intentional-discrimination count and the claims based on the DCHRA. See Adams

v. District of Columbia, 740 F. Supp. 2d 173 (D.D.C. 2010). It did, however, allow the other two

ADA and Rehabilitation Act claims to proceed to discovery. The case was subsequently

transferred to this Court during a courtwide case reassignment in April 2012. Discovery

3

complete, Defendant has renewed its Motion for Summary Judgment, to which the Court now

turns.

## II.    Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986); Holcomb v. Powell,

433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the

substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at

895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at

895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion"

by "citing to particular parts of materials in the record" or "showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-

movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty

Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v.

Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc). On a motion for summary

judgment, the Court must "eschew making credibility determinations or weighing the evidence."

Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere

unsupported allegations or denials and must be supported by affidavits, declarations, or other

competent evidence, setting forth specific facts showing that there is a genuine issue for trial.

4

See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The nonmovant,

in other words, is required to provide evidence that would permit a reasonable jury to find in her

favor.  See Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

**III.    Analysis**

Adams contends both that his supervisor, Eric Strassman, promoted a hostile work

environment by harassing Adams's wife and insinuating that his job might be eliminated and

that the District failed to provide him reasonable accommodations after his stroke.  The Court

will address those two claims in sequence.

A.    Hostile Work Environment

To prevail on a hostile-work-environment claim under the ADA and the Rehabilitation

Act – the standards under the two statutes are "substantively the same," see Faison v. Vance-

Cooks, 896 F. Supp. 2d 37, 44 n.2 (D.D.C. 2012) – a plaintiff must demonstrate that he faced

"discriminatory intimidation, ridicule, and insult" that was "sufficiently severe or pervasive to

alter the conditions of the victim's employment and create an abusive working environment.'"

Ayissi-Etoh v. Fannie Mae, 712 F.3d 572, 577 (D.C. Cir. 2013) (quoting Harris v. Forklift

Systems, Inc., 510 U.S. 17, 21 (1993)).  That discrimination, moreover, must have been based on

his membership in a protected class.  Kelley v. Billington, 370 F. Supp. 2d 151, 156 (D.D.C.

2005) (citing Jones v. Billington, 12 F. Supp. 2d 1, 11 (D.D.C. 1997), aff'd, 1998 WL 389101

(D.C. Cir. June 30, 1998)).

In evaluating a hostile-work-environment claim, the Court "looks to the totality of the

circumstances, including the frequency of the discriminatory conduct, its severity, its

offensiveness, and whether it interferes with an employee's work performance."  Baloch, 550

F.3d at 1201 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998)).  "The

5

Supreme Court has made it clear that 'conduct must be extreme to amount to a change in the

terms and conditions of employment.'" Leavitt, 407 F.3d at 416 (quoting Faragher, 524 U.S. at

788). By adhering to these standards, the Court thereby "ensure[s] that [employment-

discrimination law] does not become a general civility code" that involves courts in policing "the

ordinary tribulations of the workplace." Faragher, 524 U.S. at 788 (citation and internal

quotation marks omitted).

Even viewing the evidence in the light most favorable to Adams, the Court must find that

the limited facts on the record cannot meet the "demanding standard" for a hostile-work-

environment claim under federal law. See Baird v. Gotbaum, 662 F.3d 1246, 1251 (D.C. Cir.

2011). Adams bases his theory on the following evidence:

- Strassman, his supervisor, called and spoke abrasively to Mrs. Adams, see Adams Depo. at 217:16-218:20;

- Strassman told Adams that he would need to take public transportation to get to work, see id. at 218:21-219:20;

- Strassman said he was not sure if Adams's position was still needed, see id. at 228:20-229:19, this statement was "disturbing," and Adams thought Strassman was trying to get rid of him, see id. at 229:7; and

- Strassman exhibited a "disdainful attitude" toward Adams, in that he "never bothered to learn the nature of Adams's position or duties" or to explore reasonable accommodations and made it clear he was happy to do without his employee. Opp. at 24.

So, in sum, Adams alleges that his boss spoke harshly to his wife on a few occasions and

made him feel unwanted as an employee. Putting aside that the worst of the purported hostility

was directed not at Adams but at his wife and that Adams was confronted by those difficulties at

home, not at work – two details that could scuttle the hostile-work-environment claim on their

own – the law requires far more. These mild slights in no way approach the bar set for this type

of cause of action; if they did, few workplaces would be entirely immune. Cf., e.g., Badibanga

6

v. Howard Univ. Hosp., 679 F. Supp. 2d 99, 104 (D.D.C. 2010) (dismissing hostile-work-

environment claim where plaintiff was placed on administrative leave due to false accusation, his

accent was criticized, he was told he was easy to replace with an American, and he was told that

his supervisor would not hire other Africans); George v. Leavitt, 407 F.3d 405, 408, 416-17

(D.C. Cir. 2005) (statements by three employees over six-month period that plaintiff should "go

back where she came from," separate acts of yelling, and hostility did not rise to level of severity

necessary to find hostile work environment).

Even if the treatment to which Plaintiff was subjected could plausibly occasion a hostile-

work-environment claim, moreover, he has offered no facts to support the contention that the

alleged mistreatment was due to his disability. Indeed, although Adams asserts that he was

mistreated by his boss "based on his disability," 2d Am. Compl., ¶ 76, nothing corroborates that

claim. All we learn from the record is that Strassman verbally abused Adams's wife and that he

insinuated that Adams's job might be redundant; nothing in either the Complaint or the

Opposition to Defendant's Motion for Summary Judgment ties these incidents to his disability.

Adams does not allege, for example, that Strassman accosted his wife because her husband was

disabled or because he had requested an accommodation. Nor does he offer any reason to

believe that his supervisor deemed his position unnecessary even in part because he was

disabled. The Court will thus dismiss Plaintiff's hostile-work-environment claim.

B.    Reasonable Accommodation

In seeking summary judgment, the District also argues that Adams has failed to establish

a reasonable-accommodation cause of action under the Rehabilitation Act and the ADA. To

make out such a case, Adams must show that: (1) he was disabled within the meaning of the

statutes; (2) his employer was aware of his disability; (3) he could have done his job with

7

reasonable accommodations; and (4) he was denied such accommodations. See 42 U.S.C. §

12112; Carr v. Reno, 23 F.3d 525, 529 (D.C. Cir. 1994).

Adams has provided substantial evidence that he suffered a stroke in 2005, that the

District was aware of his condition, and that it did not provide him with any accommodation for

at least a year after he requested one. Defendant, moreover, concedes those points for the

purpose of summary judgment. See Mot. at 2-3. The District, however, does contend that

Adams has not presented evidence sufficient to establish the third element of his case – *i.e.*, that

he could have performed his job even with reasonable accommodations.

To satisfy that requirement, Adams must show that he is a "qualified individual" for the

purpose of the statutes. See 42 U.S.C. § 12112(a); Woodruff v. Peters, 482 F.3d 521, 526 (D.C.

Cir. 2007). A qualified individual is "an individual with handicaps who, with or without

reasonable accommodation, can perform the essential functions of the position in question."

Carr, 23 F.3d at 529 (citing 29 C.F.R. § 1614.203(a)(6)). An employer need not provide an

accommodation, therefore, if the employee could not perform the essential functions of his job

even with such an accommodation. See Woodruff, 482 F.3d at 527. Nor must an employer

accommodate an individual if it would impose an "undue hardship" on the employer, as such an

accommodation would not be "reasonable." See 29 C.F.R. 1630.2(o)(4).

Adams asked the District for one primary accommodation: that he be allowed to work

from home. It is true that an employer must generally consider telecommuting as a potential

form of reasonable accommodation. See 29 C.F.R. § 1630.2(o)(2)(ii); Carr, 23 F.3d at 530 ("in

appropriate cases, [the ADA] requires an agency to consider work at home . . . as [a] potential

form[] of accommodation") (citation omitted). That obligation, however, only goes so far. The

typical reasonable-accommodation analysis still applies to telecommuting, and so if the job in

8

question requires that an employee leave his home – that is, if the employee can perform the

essential functions of his job only by being in the office or out on the road – the employer need

not grant a telecommuting request.  Such accommodation may be required, conversely, if the

employee <u>can</u> do his whole job from home – for example, if his work is entirely electronic and

requires no personal interaction in the office.  <u>See, e.g.</u>, <u>Langon v. Dep't of Health and Human

Servs.</u>, 959 F.2d 1053, 1061 (D.C. Cir. 1992) (computer programmer whose work was electronic

could perform essential tasks from home); <u>Graffius v. Shinseki</u>, 672 F. Supp. 2d 119, 127

(D.D.C. 2009) (employee whose job was to reconstruct digital databases could do same).

In this case, then, the Court in presented with three questions: First, what were the

essential functions of Adams's position with the Department?  Second, could he have performed

those functions while working from home?  And third, if he could, would allowing him to work

from home have caused the District undue hardship?  As the Court answers the second question

in the negative, it need not address the third.

### 1. *Essential Functions of an IT Specialist*

EEOC regulations define "essential functions" as "the fundamental job duties of the

employment position the individual with a disability holds."  29 C.F.R. § 1630.2(n)(1).  In

determining whether a function is essential to a particular position, the Court is to grant the

employer substantial deference.  <u>See</u> <u>Swanks v. Wash. Metro. Area Transit Auth.</u>, 179 F.3d 929,

934 (D.C. Cir. 1999) (citing 42 U.S.C. § 12111(8)) (internal quotation marks omitted); <u>see also</u>

29 C.F.R. § 1630.2(n)(3) ("Evidence of whether a particular function is essential includes . . .

[t]he employer's judgment as to which functions are essential.").  Employers may point to a

variety of evidence to support a claim that a function is essential, including "[w]ritten job

descriptions prepared before advertising or interviewing applicants for the job" and "[t]he work

9

experience of past incumbents in the job," including the plaintiff. 29 C.F.R. § 1630.2(n)(3); <u>see also</u> 42 U.S.C. § 12111(8).

Adams argues that he is like the plaintiffs described in the string cite above, whose jobs were wholly electronic. As far as he is concerned, the only requirements of his job were that he complete reports and man the Department's help desk, two tasks he could complete electronically, and therefore remotely. The District, however, has presented an impressive array of evidence proving that the essential functions of an IT specialist included tasks that either necessitated travel or required Adams to speak to people on the phone and sit at a desk for long periods, all things he could not do competently after his stroke and thus that no accommodation would have made possible.

The District shows, for example, that IT Specialists are expected to travel to various sites to train staff in the use of computer technology. In support of that position, it points first to the job description for the IT Specialist position, which lists "train[ing] staff" as a major duty. <u>See</u> Mot., Exh. 2 (DMH Information Technology Specialist Duties) at 1. At his own deposition, moreover, Adams testified that he traveled at least once per week to do that training. Adams Depo. at 95:2-16. And in his sworn application for Social Security benefits, he averred that his day-to-day activities included "teach[ing] classes on computer software and hardware" and "travel[ing] to various locations" to teach. If those responsibilities were not required, it would not have made sense for Adams to list them in a sworn statement describing what he "d[id] all day," Social Security Application at 12, and how his disability limited his ability to complete his work. Taken together, these bits of evidence indicate that training and travel were essential functions of the IT Specialist position.

10

In the face of this compelling evidence, Adams changes his tack at the summary-judgment stage, now arguing that travel was a voluntary and "ad hoc" part of his job. Adams Depo. at 57:12, 252:21-254:1. He neither offers an explanation for the discrepancy between his Social Security application and the statements he made at his deposition, however, nor suggests that travel had not been a part of his job in the past. To be fair, Adams does point out that he was not training staff at the time of his stroke, but a snapshot of his duties at one point in nearly three years on the job can hardly undermine the significant evidence on the other side of the ledger. Indeed, the experience of a past incumbent (Plaintiff), the IT Specialist job description, and Adams's own statements are probative of the position's essential functions, and the Court finds nothing in the record to create a material issue of fact on the question.

Defendant similarly convinces the Court that, as an IT Specialist, Adams would have been required to communicate orally with customers and other Department staff. Indeed, oral communication was one factor on which the Department evaluated Adams before his stroke, see Mot., Exh. 4 (Report of Adams's Performance Rating, June 30, 2004) at 1, and IT Specialists at the Department have in the past been required to answer phones at the Department's help desk and participate in meetings, conferences, and committees. IT Specialist Duties at 1. Adams replies that he could have completed some of these tasks without communicating orally – for example, that he could operate a help desk by e-mail. Such an accommodation, however, would alter the purpose and effectiveness of the help desk, as assistance would no longer be as prompt – and, indeed, would no longer be rendered in real time at all. Allowing Adams to work the help desk electronically, moreover, would have been of no help if he had to lie down frequently, see Social Security Application at 11, or when it came time to attend meetings and conferences outside his home.

11

As a result, the Court concludes that, as a D.C. Department of Mental Health IT Specialist, Adams was required to travel for work and to communicate orally – and to sit in front of a computer for long periods – at the help desk, among other times.

### 2. *Plaintiff's Ability to Perform Essential Functions*

Although Adams spends many pages attacking those conclusions, he makes little effort to persuade the Court that he could handle those functions if they were indeed deemed essential. He admitted at his deposition, for example, that he could not train staff from home or travel from home to do so. See Adams Depo. at 124:6-11 (Q: "And you couldn't train people from home . . . [or] go to the customers or the client's site to help with the training, correct, from home?" A: "No, I could not."). Adams allowed, furthermore, that his speech remained slurred for years after the stroke and that during that period, people were not able to understand him and communicating over the phone would have been "very difficult" for him. See id. at 251:19-252:8; 221:10-19. And Plaintiff appears to have given up the ship in his application for Social Security disability benefits when he stated that he "became unable to work because of [his] disabling condition" and that he was "still disabled." Social Security Application at 1. When asked why he stopped working, Adams responded, "My health will no longer allow me to work." Id. at 12.

To be sure, those assertions are not dispositive, as "pursuit, and receipt, of [Social Security Disability] benefits does not automatically estop the recipient from pursuing an ADA claim" or even create "a strong presumption against the recipient's success under the ADA." Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 797-98 (1995). After all, a "representation of total disability [in the Social Security context] . . . often implies a context-related legal conclusion, namely, 'I am disabled for purposes of the Social Security Act.'" Id. at 802

12

(emphasis added).  In other words, because a person may be eligible for Social Security benefits even if he could return to work with certain accommodations, it is entirely consistent for a plaintiff to argue at once that he is both totally disabled for Social Security purposes and able to work – if provided reasonable accommodation – for the purpose of the ADA inquiry.  See Whitbeck, 116 F.3d at 588 ("Whitbeck's statement that she was no longer able to perform her job might be nothing more than an accurate description of her condition – without accommodation, she was unable to work.").

Here, however, Defendant does not argue that Adams could not qualify under the ADA merely because he sought and received Social Security benefits.  The District instead cites Adams's Social Security application for the sworn factual admissions he made therein.  When a defendant claims a bar based on previous factual assertions that are inconsistent with an ADA claim, a plaintiff "cannot simply ignore" his previous statements to the Social Security Administration.  Instead, he "must explain why that [Social Security] contention is consistent with" the subsequent assertions made in connection with the ADA claim.  Cleveland, 521 U.S. at 798.  In short, an ADA plaintiff may not, simply by disavowing a prior claim of total disability, perform an about-face and assert that he is a qualified individual who is capable of working.  Rather, the plaintiff must proceed from the premise that his previous assertion of an inability to work was true, or that he in good faith believed it to be true, and he must demonstrate that the assertion was nonetheless consistent with his ability to perform the essential functions of his job.  Solomon v. Vilsack, 628 F.3d 555, 567 (D.C. Cir. 2010) (citing Cleveland, 526 U.S. at 807).

At bottom, then, courts are instructed to simply apply the standard summary-judgment analysis to situations like this one.  If there are factual statements on the record that compel a finding against Plaintiff as a matter of law, they "must be given controlling weight" – and the

13

Court must grant summary judgment to Defendant – unless other facts on the record call that conclusion into doubt.  Swanks v. Washington Metro. Area Transit Auth., 116 F.3d 582, 587 (D.C. Cir. 1997) (internal quotation marks omitted).

Adams made just that sort of statement in his application, claiming that he "cannot walk without the assistance of a walker," that he "has to lie down all the time because he becomes weak and cannot stand or walk for more than 10 minutes," that "[t]he left side of his body is paralyzed and as a result he does not have control over the left side of his body," that "[h]is tongue aches, feels heavy and thick and as a result his speech is slurred," that "[h]is cognitive abilities have been diminished due to the stroke," and that his job entailed travel and oral communication.  Social Security Application at 12-15.

Adams's condition, as he described it, would have made it impossible for him to do the job of an IT specialist.  As the Court has found, the job required Adams to travel to various locations, to communicate over the phone with customers, and to sit in front of a computer for long hours.  Adams, however, had mobility issues, see Adams Depo. at 107:3-19, found it difficult to communicate orally, see id. at 110:9-10, and had to lie down frequently.  See Social Security Application at 12-15.  Each of these symptoms would have prevented him from doing the job he was hired to do.

To qualify under the ADA, then, Adams would have to assert facts that would directly conflict with the statements in his Social Security application that show he was not capable of fulfilling the essential functions of his job.  He has offered the Court no reason to credit his present statements over those in his Social Security application – he has not informed the Social Security Administration of his renewed abilities, for example, which is required if his status changes, see Social Security Application at 4-5 – and, as a result, the Court has no reason to

14

believe that the statements in his Social Security application were not and are not an accurate description of his physical and mental condition. In these circumstances, the Court concludes that Adams had the disabilities described in that previous statement. And, indeed, those disabilities would have prevented Adams from doing his job even if the District had allowed him to work from home. See Opsteen v. Keller Structures, Inc., 408 F.3d 390, 392 (7th Cir. 2005) (rejecting plaintiff's ADA claim where factual representations plaintiff made in his Social Security disability application showed he was unable to do the job for which he was requesting accommodation); Swanks, 116 F.3d at 587 ("ADA plaintiffs who in support of claims for disability benefits tell the Social Security Administration they cannot perform the essential functions of a job even with accommodation could well be barred from asserting, for ADA purposes, that accommodation would have allowed them to perform that same job.").

3.   *Plaintiff's Counterarguments*

Plaintiff marshals three principal counterarguments in support of his reasonable-accommodation claim. First, he posits that the District "appears to have conceded" that he could do his job because "[Strassman] . . . attempted to place Mr. Adams in a position in which he would be exclusively writing reports." Opp. at 15. That is, although the Court has concluded that an IT Specialist must travel to train staff and communicate orally when working the help desk – functions that Adams could no longer perform – he contends that, after his stroke, his newly defined job actually required nothing more than report writing, a job he could complete without trouble at home. He was given those diminished responsibilities, however, only after the Department's human-resources staff asked Strassman to find work that Adams could do despite his disability. Opp., Exh. 6 (Deposition of Eric Strassman) at 69:15-20, 102:20-103:2. Defendant's statement thus actually proves the opposite of what Adams claims. Indeed, it was

15

precisely because Adams could <u>not</u> do his full job after his stroke even with accommodations

that the Department tried to find him other work.  That such work did not pan out is

inconsequential, as neither the ADA nor the Rehabilitation Act requires that an employer create a

new position to accommodate a disabled employee, even if he is a qualified individual as to that

new job.  <u>See</u> <u>Carter v. Tisch</u>, 822 F.2d 465, 467 (4th Cir. 1987).  Had the District not even made

an effort to accommodate Adams, then, he would have had no recourse; the fact that it tried and

failed cannot change that, as "an employer who goes beyond the demands of the law to help a

disabled employee incurs no legal obligation to continue doing so."  <u>Lucas v. W.W. Grainger,</u>

<u>Inc.,</u> 257 F.3d 1249, 1257 n.3 (11th Cir. 2001).  There is, of course good reason for the District

to have tried to help Adams out of a jam.  Indeed, the Court is sympathetic to his plight.

Unfortunately, the law requires nothing more of Defendant, and so these facts are of no help to

his legal cause.

Next, Plaintiff points to the opinion of his treating physician, Dr. Khosrow Davachi, who

stated on the record that Adams could perform certain jobs despite the limitations stemming from

his stroke.  Davachi's opinion, however, is unhelpful to Plaintiff for two reasons.  First, much of

that opinion amounts to legal conclusions on which Plaintiff's doctor is anything but

authoritative.  <u>See, e.g.,</u> Pl. Response to Def. SUMF, ¶ 1 ("[A]fter examining [Adams] and

reviewing the position description, [Davachi] concluded that travel is not essential to the

functions of [Adams's position].").  And second, Davachi did not make his opinion on Plaintiff's

condition known until October 2006, more than a year after Plaintiff's September 2005 request

for accommodation and eight months after the District had denied that request.  (The doctor did

submit one letter on Adams's behalf in October 2005, before the denial, but it contained nothing

more than generalities that are unhelpful to Adams's case.  <u>See</u> Mot., Exh. 6 (Letter from

16

Davachi to DMH, Aug. 25, 2005)).  Perhaps Adams means to suggest that his status has changed

since the District made its decision in February 2006, but he does not make that claim explicit,

nor does the Government  have any duty to revisit the issue once it has made its final

determination not to accommodate him.  See, e.g., Basden v. Professional Transp., Inc., 714 F.3d

1034, 1037 (7th Cir. 2013) ("[Plaintiff's] ability . . . [to] perform the essential functions of her

job[] is examined as of the time of the adverse employment decision at issue.").  The courts, after

all, must be wary of punishing employers for effectively postponing the effective date of denial

by doing their utmost to help their disabled employees.

Finally, Plaintiff submits that the Court should consider a 2006 "letter of determination"

from the D.C. Office of Human Rights, which concluded that there was "probable cause" to

conclude that he was an ADA-qualified individual.  Opp. at 34-35, 43-44.  That letter, he

suggests, is "evidence to be taken into account," although he concedes the Court must examine

the case *de novo*.  Id. (quoting Langon, 959 F.2d at 1061).  The Court takes the letter into

account, but the legal conclusions of one District employee do not call into question the

mountain of primary materials and sworn testimony in this case.  Cf. Scott v. Johanns, 409 F.3d

466, 470 (D.C. Cir. 2005) (holding that administrative findings on employment discrimination

may be admitted as evidence, but are not determinative, in federal agency employee's

discrimination lawsuit).  Accordingly, the DCOHR letter does not alter the preceding analysis.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary

Judgment in full.  A contemporaneous Order to that effect will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 27, 2014

17

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**ALBERT ADAMS,**

      **Plaintiff,**

        **v.**                         **Civil Action No. 09-2459 (JEB)**

**DISTRICT OF COLUMBIA,**

      **Defendant.**

---

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

    1.  Defendant's Motion for Summary Judgment is GRANTED; and

    2.  Judgment is ENTERED in favor of Defendant.

**IT IS SO ORDERED.**

                           /s/ *James E. Boasberg*
                           JAMES E. BOASBERG
                           United States District Judge

Date:  June 27, 2014

1