# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 14-7092                                                September Term, 2015

FILED ON: SEPTEMBER 25, 2015

ALBERT J. ADAMS,
        APPELLANT

v.

DISTRICT OF COLUMBIA,
        APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-02459)

---

Before: GARLAND, *Chief Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

## J U D G M E N T

This appeal from the order of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Albert J. Adams seeks reversal of the District Court's order granting summary judgment to appellee the District of Columbia ("District") on Adams's claims that the District denied him a reasonable accommodation and subjected him to a hostile work environment in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Adams also challenges the District Court's order dismissing his discrimination claim under the D.C. Human Rights Act ("DCHRA").

The District Court correctly found that there was no genuine dispute that Adams was not a "qualified individual" within the meaning of the ADA and the Rehabilitation Act. The factual statements in Adams's sworn application for Social Security benefits preclude a reasonable factfinder from concluding that Adams was capable of performing the essential functions of his position—Information Technology Specialist—from home. While this application did not "automatically estop" Adams from pursuing reasonable accommodation claims, *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 797 (1999), Adams may not create a material issue of fact simply by contradicting the sworn factual

statements therein, see *id*. at 806-07; *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C. Cir. 1991).

We need not address Adams's argument that his similar claims under § 794 of the Rehabilitation Act are timely. As such claims are governed by the same standards of liability as govern the ADA claims, see 29 U.S.C. § 794(d), they fail on the merits for the reasons set forth above.

The District Court also correctly found that Adams's hostile work environment claims fail as a matter of law. The alleged conduct on which Adams bases these claims—a few insensitive remarks and an abrasive demeanor—was not so "severe" or "pervasive" as to have altered the conditions of Adams's employment. *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Finally, the District Court properly dismissed Adams's DCHRA claim. Adams was required "to choose between an administrative or a judicial forum in which to pursue [this] claim[]." *Carter v. District of Columbia*, 980 A.2d 1217, 1223 (D.C. 2009); see also D.C. CODE § 2–1403.16(a). By failing to withdraw his administrative complaint prior to the probable cause determination, Adams forfeited his right to pursue his DCHRA claim in a judicial forum. See *Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 860 (D.C. 1989).

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

        **FOR THE COURT:**
        Mark J. Langer, Clerk

BY:   /s/
      Ken Meadows
      Deputy Clerk